IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JIN WANG | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § CIVIL ACTION NO. 17-cv-238 |
| | § |
| INEOS USA LLC | § |
| | § |
| | § JURY TRIAL DEMANDED |
| *Defendants.* | § |
| | § |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Jin Wang ("Wang" or "Plaintiff"), and complains of INEOS USA LLC ("INEOS" or "Defendant"), and for his cause of action would respectfully show the Court as follows:

## I. SUMMARY

1. INEOS discriminated and retaliated against Wang based on his race. Specifically, INEOS paid Wang less and treated him worse than similarly situated employees throughout his employment, and it then fired him for complaining about the unlawful discrimination.

## II. PARTIES

2. Plaintiff Jin Wang is an individual residing in Texas.

3. Defendant INEOS USA LLC is a Delaware based company with a principal place of business in Galveston County, Texas. INEOS may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1

### III. NATURE OF ACTION

4. This is an action filed under the Civil Rights Act of 1866. *See* 42 U.S.C. § 1981.

### IV. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331.

6. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1), (b)(2), and 28 U.S.C. § 124(b)(1) because INEOS has a principal place of business in Alvin, Texas (in Brazoria County, Texas), which is located in the Galveston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Wang's claims occurred in the Galveston Division of the Southern District of Texas.

### V. FACTUAL BACKGROUND

7. INEOS is a chemical company that manufactures and sells olefins, polyethylene, and polypropylene.

8. INEOS maintains written policies to prevent unlawful discrimination and/or retaliation.

9. INEOS has a legal responsibility to maintain a workplace free of unlawful discrimination and/or retaliation.

10. INEOS must protect its employees from unlawful discrimination and retaliation.

11. INEOS must strive to hire and retain the best employees possible.

12. INEOS understands that unlawful discrimination may prevent employing good employees.

13. INEOS hired Wang in April 2013 as a process control engineer.

14. While employed by INEOS, Wang worked at the Chocolate Bayou C3 Operations group.

15. Wang is Chinese.

16. Wang had satisfactory or above average performance evaluations during his employment with INEOS, and he made significant contributions to the company.

17. Despite his education, experience, contributions, and/or performance, Wang was consistently paid less than non-Chinese similarly situated employees. This included lower salary, lower raises, and/or lower bonuses.

18. In late March 2017, Wang received a relatively low raise again.

19. He complained to his Resource Team Leader, Jeff Elam. Wang specifically asked Elam if he is being paid lower because he is Chinese.

20. Earlier in 2017, Wang applied for two Hydrocarbon Processing Awards and was named as a finalist.

21. Dennis Seith (INEOS' CEO and President) and Pete Train (Director of Human Relations) specifically praised Wang for his achievement, in writing on May 28, 2017.

22. Seith specifically stated: "Fantastic. Great to see this work, outcome and well deserved recognition too." Seith also informed INEOS' board of Wang's accomplishments and suggested that Wang do a presentation "at a future 6 sigma meeting."

23. Train specifically stated: "I would love to hear a presentation. Great result and well-deserved accolades! Thanks for sharing and for your strong contribution to our bottom line."

24. However, just three days later, Elam and Operations Manager John Bryan accused Wang of supposedly violating company policy and sent him home on June 1, 2017, apparently so that they could conduct some sort of investigation.

25. But INEOS did not conduct an investigation.

26. Wang returned on June 6, 2017, and he was summarily terminated for "overall unsatisfactory job performance."

27. Wang had no "overall unsatisfactory job performance." In fact, INEOS' statement contradicts Wang's performance evaluations, as well as Seith's and Train's commendations. It also contradicts the initial allegation that Wang may have violated any company policy, as suggested by Elam and Bryan when they sent him home on June 1, 2017.

28. Wang's termination occurred only about two months after he had complained to Elam about whether his compensation is lower because he is Chinese.

29. INEOS failed to maintain a workplace free of unlawful discrimination and/or retaliation.

30. INEOS failed to protect Wang from unlawful discrimination and/or retaliation.

31. INEOS did not act in good faith.

32. INEOS' unlawful actions were willful and/or committed with reckless disregard of the law.

33. INEOS' actions were committed with malice.

34. INEOS' unlawful actions caused Wang to suffer mental anguish, pain and suffering, damage to his reputation, loss of earning capacity, loss of enjoyment of life, inconvenience, lost back pay, loss of benefits, and other damages.

### VI. CAUSES OF ACTION

35. Wang hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

**A. Race discrimination under Section 1981**

36. INEOS discriminated against Wang based on his race. *See* 42 U.S.C. § 1981.

**B. Retaliation under Section 1981**

37. INEOS retaliated against Wang based on his complaints about being treated differently because of his race. *See* 42 U.S.C. § 1981.

## VII. Jury Demand

38. Wang demands a trial by jury.

## VIII. Damages

39. As a result of the above mentioned actions, Wang seeks the following damages:

   a. Back pay;

   b. Loss of benefits;

   c. Loss of earning capacity;

   d. Reinstatement or, in the alternative, front pay;

   e. Loss of enjoyment of life;

   f. Inconvenience;

   g. Injunctive relief;

   h. Mental anguish and emotional distress;

   i. Compensatory damages;

   j. Punitive or exemplary damages;

   k. Reasonable and necessary attorneys' fees;

   l. Court costs;

   m. Prejudgment and post-judgment interest;

   n. Any and all other damages and/or relief, equitable or otherwise, to which Wang may be entitled under federal law.

## IX. Prayer

Wherefore, premises considered, Wang respectfully prays that INEOS be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Wang against

INEOS for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Wang may be entitled.

Respectfully submitted,

Dated: August 1, 2017                    SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

*Attorney for Plaintiff Jin Wang*